UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY FOCHT,<br><br>       Plaintiff,<br><br>       v.<br><br>SOL MELIA S.A., *dba Sol Melia Hotels & Resorts*,<br><br>       Defendant.<br>_____/ | No. C-10-0906 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>**(Docket No. 19)** |

       Plaintiff Lindsey Focht has filed an action for negligence against Sol Melia, S.A., dba Sol Melia Hotels & Resorts, as a result of injuries she suffered after falling from a zip line at the Hotel Melia Puerto Vallarta in Mexico.

       Sol Melia has moved to dismiss the case for lack of personal jurisdiction. The parties stipulated to limited written jurisdictional discovery, including interrogatories and document requests. Currently pending before the Court is Ms. Focht's motion to conduct further jurisdictional discovery, namely two depositions. Having considered the parties' briefs and accompanying submissions, as well as oral argument of counsel, the Court hereby **GRANTS** Ms. Focht's motion.

## I.    **FACTUAL & PROCEDURAL BACKGROUND**

       In her complaint, Ms. Focht alleges that, in August 2008, she was a guest at the Hotel Melia Puerto Vallarta and went on the hotel's zip line. As she was riding, the harness holding her suddenly broke, causing Ms. Focht to fall approximately thirty feet. *See* Compl. ¶ 12. She fractured two vertebrae in her back and sustained other serious injuries, resulting in numbness in her right leg

and weakness in both legs. *See id.* ¶ 14. She required care from physicians and therapists and continues to suffer pain, disability, and emotional distress. *See id.*

Ms. Focht has sued Sol Melia because she believes that it "owned, operated, managed, directed and controlled" the hotel at the time of her injury and, therefore, owed her a duty of care to operate the zip line in a safe manner. *See id.* ¶¶ 5,11. Sol Melia disputes this claim, stating that the owner of the hotel is a subsidiary of one of their subsidiaries and that a separate company manages the hotel. *See* Pardo Decl. ¶ 21.

At this juncture, however, the Court is not being called upon to decide whether Sol Melia is the proper defendant. Sol Melia has made a claim that it is not subject to personal jurisdiction in this forum – *i.e.*, that it lacks sufficient contacts with California. *See* Docket No. 3 (motion). The question for the Court is what discovery should be permitted in order for Ms. Focht to oppose Sol Melia's pending motion to dismiss for lack of personal jurisdiction. More specifically, the question is whether Ms. Focht should be permitted to take two depositions: (1) a 30(b)(6) deposition of Sol Melia on five designated topics and (2) a deposition of Carlos Sosa, an individual who she believes is a sales and marketing representative for Sol Melia. In support of that contention, Ms. Focht has provided evidence that Sol Melia's website lists a sales and marketing offices in California and names Mr. Sosa as the contact. *See* Blake Decl., Exs. 6-7.

## II.   DISCUSSION

A.   Legal Standard

"A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery should ordinarily be granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (holding that district court abused its discretion in refusing to grant jurisdictional discovery). *See also Fleury v. Cartier Int'l*, No. C-05-4525, 2006 U.S. Dist. LEXIS 77189 (N.D. Cal. Oct. 13, 2006) (granting jurisdictional discovery to explore the possibility that other entities could be named as parties to the suit).

However, a court may deny jurisdictional discovery "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 562 (9th Cir.1995)) (internal quotation marks omitted).  *See also Laub*, 342 F.3d at 1093 (indicating that discovery may be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction"); *MMCA Group, Ltd. v. Hewlett-Packard Co.*, No. C-06-7067, 2007 U.S. Dist. LEXIS 37315 (N.D. Cal. May 8, 2007) (denying further jurisdictional discovery because it was clear that it would not reveal enough facts to establish jurisdiction); *In re Dynamic Random Access Memory Antitrust Litig.*, No. C 02-1486, 2005 U.S. Dist. LEXIS 30299 (N.D. Cal. Nov. 7, 2005) (denying jurisdictional discovery because "plaintiffs have made no showing that any sworn testimony presented by defendants is disputed, and have not pointed out the existence of any facts that, if shown, would warrant the exercise of personal jurisdiction").

In its papers, Sol Melia contends that, in spite of clear Ninth Circuit authority providing that jurisdictional discovery should ordinarily be granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary," *Wells Fargo*, 556 F.2d at 430 n. 24, a plaintiff is entitled to jurisdictional discovery only where she makes a prima facie showing of the need for discovery.  *See* Opp'n at 2.  The Court rejects this argument.  Some courts have adopted a prima facie standard for jurisdictional discovery.  *See, e.g.*, *United States v. Swiss Am. Bank.*, *Ltd*. 274 F.3d 610, 625-27 (1st Cir. 2001) (holding that "the plaintiff seeking jurisdictional discovery must have a colorable case for jurisdiction"); *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000) (ruling that, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted").  However, the Ninth Circuit has not.  Indeed, the Ninth Circuit has adopted a prima facie standard only for purposes of evaluating whether a motion to dismiss for lack of personal jurisdiction should be granted or denied on the merits – not for purposes of evaluating whether jurisdictional discovery is appropriate.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (holding that, "if a

3

1 plaintiff's proof is limited to written materials," the plaintiff need only make a prima facie showing
2 that there is personal jurisdiction). As Judge Hamilton of this District has underscored, the fact that
3 the Ninth Circuit has adopted a prima facie standard for deciding the merits of the jurisdiction issue
4 indicates that a lesser showing is required in order for a plaintiff to obtain jurisdictional discovery in
5 the first place. "It would . . . be counterintuitive to require a plaintiff, *prior to* conducting discovery,
6 to meet the same burden that would be required to defeat a motion to dismiss." *eMag Solutions,*
7 *LLC v. Toda Kogyo Corp.*, No. C 02-1611, 2006 WL 3783548, *2 (N.D. Cal. Dec. 21, 2006)
8 (allowing limited jurisdictional discovery because plaintiff was able to provide "some evidence" of
9 defendant's contacts with the forum).

10 B.     Sol Melia's Contacts with California

11      The power of a federal court to exercise jurisdiction over a nonresident defendant turns on
12 two factors: (1) whether a state long-arm statute confers personal jurisdiction, and (2) whether
13 exercising jurisdiction comports with due process. *See Data Disc,* 557 F.2d at 1286.  California's
14 long-arm statute provides that California courts "may exercise jurisdiction on any basis not
15 inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. §
16 410.10.  Therefore, the question is whether the exercise of personal jurisdiction over Sol Melia is
17 consistent with federal due process.

18      "The cornerstone of the due process inquiry is an analysis of the defendant's contacts with
19 the selected forum." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006).
20 Jurisdiction is proper if the defendant has "certain minimum contacts with [the forum] such that the
21 maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*
22 While personal jurisdiction may be either general or specific, *see Helicopteros Nacionales de*
23 *Colombia, S.A. v. Hall*, 466 U.S. 408, 412 (1984), Ms. Focht at this juncture seeks to make out a
24 case of general jurisdiction only.  For a court to exercise general jurisdiction, the defendant's
25 activities within the forum must be so substantial or systematic and continuous that they
26 "approximate physical presence" in the forum.  *Tuazon*, 433 F.3d at 1169.

In the instant case, Ms. Focht seeks discovery to show that Sol Melia itself had sufficient contacts with California and/or that another entity's contacts can be attributed to Sol Molia for purposes of conferring jurisdiction.

### 1. Direct Contacts

Sol Melia maintains that it has no offices or employees in California, but that has been controverted by Ms. Focht's evidence. Ms. Focht has submitted evidence showing that Sol Melia's website lists corporate offices in San Francisco and Los Angeles and a regional sales and marketing office in Los Angeles. Mr. Sosa is named as the representative for the Los Angeles sales office. *See* Blake Decl., Exs. 6-7. Sol Melia maintains that the Los Angeles office belongs to the Sol Group, a Delaware corporation headquartered in Florida, which is a subsidiary of a subsidiary of Sol Melia, and that Mr. Sosa is their employee. *See* Opp'n at 5. However, the Sol Melia website does not make that distinction so it is fair to permit Ms. Focht to explore whether or not Sol Melia's contention is true.

To the extent that Sol Melia suggests that it may not be able to produce Mr. Sosa for a deposition because he is not its employee, the issue is not whether Mr. Sosa is Sol Melia's employee but rather whether Sol Melia has sufficient control over Mr. Sosa. *See, e.g., Martin Eng'g Co. v. Vibrators, Inc.,* No. LR-75-C-5, 1975 U.S. Dist. LEXIS 12274 (E.D. Ark. May 19, 1975) (holding that an employee of a wholly-owned subsidiary, was "subject to the control of the plaintiff corporation and has an identity of interest with the plaintiff to the degree that compelling his attendance pursuant to the present notice would fall within the principle of" the Federal Rules of Civil Procedure). Sol Melia has not presented any evidence that it lacks the ability to exercise control over Mr. Sosa. The Court, therefore, shall permit Ms. Focht take Mr. Sosa's deposition.

### 2. Indirect Contacts

As noted above, Ms. Focht seeks to establish personal jurisdiction over Sol Melia based on not only its direct contacts with California but also through its indirect contacts – *i.e.*, that another entity's contacts can be attributed to Sol Molia for purposes of conferring jurisdiction. At the hearing on the discovery motion, Ms. Focht represented that the 30(b)(6) deposition she wishes to

5

take is designed to explore the relationship between Sol Melia and other entities to determine whether those entities' contacts may be attributed to Sol Melia.

To the extent the 30(b)(6) deposition is so targeted (currently, the topics listed by Ms. Focht are much broader), the Court finds that the deposition is appropriate. Under certain circumstances, one entity's contacts may be attributed to another entity for purpose of personal jurisdiction. For example, the Ninth Circuit has noted that, while "a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes," there are two exceptions to that rule – "a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). The Ninth Circuit also noted in *Wells Fargo*, 556 F.2d at 419 that "either an individual person . . . or another corporation may act as an agent for a corporate principal so as to subject it to long-arm jurisdiction." *See also Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1094 (6th Cir. 1989) (Keith, J., concurring) (stating that "a plaintiff seeking to establish jurisdiction over a defendant foreign parent corporation by virtue of jurisdiction over its local subsidiary must prove: (1) *attribution,* 'that the absent parent instigated the subsidiary's local activities;' or (2) *merger,* 'that the absent parent and the subsidiary are in fact a single legal entity'"). Similarly, other courts have stated that "jurisdictional contacts of a subsidiary corporation should be imputed to the corporate parent when the subsidiary corporation is engaged in functions that, but for the existence of the subsidiary, the parent would have to undertake." *Gallagher v. Mazda Motor of America, Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa. 1992) (stating that). Thus, for instance, in *Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533 (1967), the state court held that there was personal jurisdiction over a British corporation, Hilton Hotels (U.K.) Ltd., based on the forum contacts of its agent, Hilton Reservation Service. The court emphasized that the Service was doing "all the business which Hilton (U.K.) could do were it here by its own officials." *Id.* at 537 (using the "continuous and systematic" contacts standard to evaluate personal jurisdiction).

In the instant case, it is plausible that an entity such as Sol Group may be Sol Melia's alter ego or that an entity such as Sol Group may be deemed Sol Melia's general agent for jurisdictional

purposes. Clearly, there is an inter-corporate relationship between Sol Group and Sol Melia as evidenced by the Sol Melia website. Indeed, the website suggests the possibility of a relationship between Sol Group and Sol Melia comparable to the relationship between Hilton (U.K.) and Hilton Reservation Service in *Frummer*. Accordingly, a 30(b)(6) deposition of Sol Melia to explore the nature of its relationship with, *e.g.*, Sol Group is appropriate.[1]

The Court reiterates that, currently, the topics identified in Ms. Focht's 30(b)(6) deposition notice are broadly phrased such that they seek information beyond whether affiliated entity's contacts can be attributed to Sol Molia for purposes of conferring jurisdiction. The Court therefore instructs Ms. Focht to propose more narrowly tailored topics and the parties to meet and confer thereafter to the extent that Sol Melia continues to assert an overbreadth problem. Because the Court is ordering more narrowly tailored topics, Sol Melia's contention that the 30(b)(6) deposition will be unduly burdensome has less weight. Moreover, any burden on Sol Melia with respect to the 30(b)(6) deposition has been dramatically reduced by virtue of Ms. Focht's willingness to take the deposition via telephone (*i.e.*, the witnesses do not have to fly from Spain to California).

///
///
///
///
///
///

---

[1] The Court notes that, at this point, it has doubts about Ms. Focht's contention that the contacts of entities such as Travelocity.com and Hotels.com (as opposed to, *e.g.*, Sol Group) may be attributed to Sol Melia. While the Court is not making any definitive ruling, it is highly unlikely that Travelocity.com and Hotels.com will be considered alter egos of Sol Melia. Also, while Travelocity.com and Hotels.com may have been hired by Sol Melia to perform certain services, the extent of those services and the ability of Sol Melia to control how they performed those services will likely inform whether or not their conduct may be attributed to Sol Melia for jurisdictional purposes. Notably, other courts have rejected a plaintiff's attempt to have the contacts of entities such as Travelocity.com and Hotels.com to be attributed to the defendant for purposes of jurisdiction. *See Elayann v. Sol Melia*, 571 F. Supp. 2d 886, 902 (N.D. Ind. July 24, 2008) (concluding that general jurisdiction over the same defendant as here, *i.e.*, Sol Melia, "cannot be based upon the functions of third-party websites"); *Smith v. Basin Park Hotel, Inc.,* 178 F. Supp. 2d 1225, 1232 (N.D. Okla. Dec. 27, 2001) (holding that the activities of Travelocity were its own and could not be attributed a hotel advertised on the site).

The parties shall meet and confer and reach agreement on the Rule 30(b)(6) topics and the logistics of the 30(b)(6) deposition(s). If there remains a dispute, the parties shall file with the Court a joint letter by August 20, 2010, detailing the dispute and the last offer of compromise made by each party in respect with each dispute.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to conduct jurisdictional discovery is granted. This order disposes of Docket No. 19.

IT IS SO ORDERED.

Dated: August 9, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

8